UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

McCORMICK INT'L, LLC,

        Plaintiff,

                                            Case No. 1:04-CV-833

v.

                                            HON. GORDON J. QUIST

AGCO CORP., et al.,

        Defendants.

_____/

## MEMORANDUM OPINION AND ORDER

      Plaintiff, McCormick International, LLC ("McCormick"), and Defendants, AGCO Corporation and its various subsidies ("AGCO"), agreed to enter into binding arbitration to resolve McCormick's claims that AGCO breached its contract with McCormick and violated the Michigan Farm and Utility Equipment Franchise Act ("MFUEFA"), M.C.L. 445.1451, *et seq*. The Court issued its Order submitting the case to arbitration on March 27, 2006, ordering that the arbitrator's decision would be final and binding on that parties and that there "shall be no appeal or collateral attack upon the arbitrator's decision except for the reasons set forth in the Federal Arbitration Act."

      The arbitration took place on April 26 and 27, 2006, and focused on whether there was a breach of two agreements: the "AGCO Agreement" and the "Valtra Agreement." On June 16, 2006, the arbitrator issued his decision, finding that AGCO did not beach the AGCO Agreement but breached the Valtra Agreement. (Arbitrator's Award at 8-10.) The arbitrator awarded $106,200 to McCormick for the Valtra Agreement breach. (Arbitrator's Award at 16.) On June 23, 2006, AGCO moved to confirm the arbitrator's award. Having received no response to AGCO's motion from

McCormick within the time period provided by W.D. Mich. LCivR 7.2(c), the Court issued an Order on July 28, 2006, confirming the arbitrator's award as the final judgment of the Court. McCormick now seeks to vacate that judgment under Fed. R. Civ. P. 60, alleging that the arbitration award was procured by fraud, misconduct and/or misrepresentation, and/or that it is no longer equitable that the judgment should have prospective application.

The Court first notes that its Order of March 27, 2006, specified that the only appeal of the arbitrator's decision would be pursuant to the rules of the Federal Arbitration Act. The Act permits a party to an arbitration to challenge an award "procured by corruption, fraud or undue means." 9 U.S.C. § 10(a)(1). The Act further provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party . . . within three months after the award is filed or delivered." 9. U.S.C. § 12. McCormick did not file a motion to vacate the award under the Act. McCormick also failed to respond to AGCO's motion to confirm the arbitrator's award. McCormick instead is raising this issue for the first time under Rule 60 in an effort to vacate the Court's judgment confirming the arbitrator's award.

**1.     Relief Due to Fraud, Misrepresentation, or Misconduct**

Fed. R. Civ. P. 60(b)(3) provides for relief from a final judgment, order, or proceeding on the basis of fraud, misrepresentation, or other misconduct of an adverse party. The moving party must show by "clear and convincing evidence" that misbehavior falling into one of the three categories of Rule 60(b)(3) has occurred. *Venture Indus. Corp. v. Autoliv ASP, Inc.*, No. 99-75354, 2006 WL 3454799, at *1 (E.D. Mich. Nov. 29, 2006); *Jordan v. Pacaar, Inc.*, 1996 WL 528950, at *9 (6th Cir. 1996). The movant must show that the misconduct prevented the party from fully and fairly presenting its case. *Optimal Health Servs., Inc. v. Travelers Ins. Co.*, 801 F.Supp. 1558, 1561

(E.D. Tex. 1992). The rule "is aimed at misconduct which occurs between the time the plaintiff files a lawsuit and the time the court enters judgment." *Id*.

McCormick has not introduced clear and convincing evidence that the award was procured by fraud, misrepresentation, or misconduct. The only evidence offered by McCormick is the arbitrator's report and post-judgment communication between the parties regarding AGCO's attempt to terminate the AGCO Agreement. McCormick's argument appears to be that AGCO took inconsistent positions in its answer to McCormick's complaint and in its arbitration brief. These allegedly inconsistent positions were part of the record reviewed by the arbitrator. The arbitrator's report indicates that he resolved the allegedly inconsistent arguments when he determined that AGCO did not breach the AGCO Agreement. (Arbitrator's Award at 7-8.) Because McCormick has not presented any evidence of misconduct by AGCO related to the arbitrator's award, McCormick has not met its initial burden of showing that AGCO's behavior fell into one of three categories of Rule 60(b)(3).

    **2.  Relief Due to the Judgment's Inequitable Prospective Application**

Fed. R. Civ. P. 60(b)(5) provides, in part, for relief from a final judgment, order, or proceeding on the basis that it is no longer equitable that the judgment should have prospective application. "The mere possibility that a judgment has some future effect does not mean that it is 'prospective' because '[v]irtually every court order causes at least some reverberations into the future, and has ... some prospective effect.'" *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 (6th Cir. 2004) (citing *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)). "The essential inquiry into the prospective nature of a judgment revolves

around 'whether it is executory or involves the supervision of changing conduct or conditions.'" *Id*. (citing *Twelve John Does*, 841 F.3d at 1139) (internal quotations omitted).

In this case, McCormick has failed to show that the arbitrator's award was "prospective" in the Rule 60(b)(5) sense of the word. *See id*. at 588. The arbitrator's award was a one-time judgment, resolving whether AGCO had breached the AGCO and Valtra Agreements and violated the MFUEFA. The arbitrator determined that AGCO did not breach the AGCO Agreement and, while he considered the ongoing business relationship between the parties under this agreement as evidence supporting his conclusion, the mere existence of an ongoing relationship does not change the fact that the arbitration addressed a one-time breach of contract and does not have any prospective application. AGCO's post-judgment termination of the AGCO Agreement does not change the fact that the arbitrator's award is not "prospective" under Rule 60(b)(5).

With regard to the Valtra Agreement, the arbitrator entered a monetary judgment in favor of McCormick. (Arbitrator's Award at 10, 15-16.) Monetary judgments "do not generally have prospective application because they are final in the sense of involving a set monetary outlay." *Id*. at 587. For these reasons, McCormick has failed to show that it is entitled to relief under Rule 60(b)(5). Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Judgment (docket no. 48) is **DENIED**.

Dated: April 12, 2007                              /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE

4